IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LAKEVIEW LOAN SERVICING, LLC,** | ) |
| **Plaintiff,** | ) ) ) ) |
| vs. | ) Case No. 24-CV-2650-SMY ) |
| **COLETTE DAWN DEVORE a/k/a COLETTE D. LOGSDON,** | ) ) ) ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Lakeview Loan Servicing, LLC filed a complaint to foreclose mortgage in the Circuit Court of the Fourth Judicial Circuit, Effingham County, Illinois (Doc. 4-1). Defendant filed a Notice of Removal to this Court alleging that Lakeview Loan Servicing, LLC violated certain rights protected by the United States Constitution under 42 U.S.C. §1983 (Doc. 1). Pursuant to the Court's obligation to raise *sua sponte* whether it has subject matter jurisdiction, (*Craig v. Ontario Corp.,* 543 F.3d 872, 875 (5th Cir. 2008)), and having reviewed the Notice of Removal in this case (Doc. 1), the Court finds that it does not have subject matter jurisdiction because Defendant has not pled a proper federal claim under 42 U.S.C. §1983. Accordingly, this matter is **REMANDED** to the Circuit Court of the Fourth Judicial Circuit, Effingham County, Illinois.

Federal courts are courts of limited jurisdiction. As such, to proceed in federal court, a party must establish that the Court has subject matter jurisdiction, which is ordinarily accomplished through federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction

under 28 U.S.C. § 1332.[1]  Defendant alleges that Plaintiff violated certain rights protected by the United States Constitution under 42 U.S.C. §1983 and that this Court has subject matter jurisdiction under 28 U.S.C. §1441 and 28 U.S.C. §1331.

Although Defendant asserts that Plaintiff violated her civil rights, her Notice of Removal does not state a claim under federal civil rights laws.  "To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law."  *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015).  The "state actor" predicate to § 1983 liability must be satisfied for a claim to proceed.  Here, Lakeview Loan Servicing, LLC, is a private loan servicing company, not a state actor.  Thus, Defendant has no relief available against it under § 1983; any claims she may have against Lakeview Loan Servicing, LLC are state law claims and do not trigger federal question jurisdiction.  *See* 28 U.S.C. § 1331.

For the foregoing reasons, the Court finds that it does not have subject matter jurisdiction because the Defendant has not pled a proper federal claim under 42 U.S.C. §1983.  The Court is obligated, pursuant to 28 U.S.C. §1447(c) to **REMAND** the case back to the Circuit Court of the Fourth Judicial Circuit, Effingham County, Illinois.  All pending motions are **TERMINATED AS MOOT**.

**IT IS SO ORDERED.**

**DATED:  January 27, 2025**

**STACI M. YANDLE**
**United States District Judge**

---

[1] Defendant does not invoke diversity jurisdiction under 28 U.S.C. §1332.